UNITED STATES FIDELITY AND GUARANTY COMPANY v.
JOHN C. HILL.

(Filed 17 February, 1932.)

1. **Indemnity A b—Sheriff held liable on agreement to indemnify surety on his bond under the facts of this case.**

Where a sheriff in his application for a surety bond obligates himself among other things to indemnify the surety against loss arising from the execution of the bond, and in an action against the surety in the Federal Court in another State a judgment is rendered against it on the bond for an alleged assault by the sheriff's deputies on offenders against the laws of this State whom the deputies arrested there and brought back here: *Held,* the surety has suffered loss by reason of the execution of the bond and may recover the amount of such loss against the sheriff on his agreement to indemnify, the action being on the contract of indemnity executed here and not on the judgment rendered in the other state, and the principle that courts of one state will not take jurisdiction of an action brought on the bond of an officer of another state has no application to the present action.

2. **Controversy without Action C a—Agreement that court should render judgment on facts agreed waives all defenses set up in answer.**

Where a defendant agrees that the court should render judgment according to an agreed stetement of facts submitted to it he thereby waives all defenses set out in the answer theretofore filed.

STACY, C. J., not sitting.

APPEAL by plaintiff from *Stack, J.,* at May-June Term, 1931, of HENDERSON. Reversed.

This is an action to recover on a contract by which the defendant covenanted and agreed to indemnify the plaintiff against loss by reason or in consequence of the execution by the plaintiff of a bond as surety for the defendant.

The action was heard and tried on an agreed statement of facts, which appears in the record. These facts are substantially as follows:

GUARANTY CO. *v.* HILL.

At the election held in Henderson County, North Carolina, in November, 1926, the defendant, John C. Hill, was elected sheriff of said county for a term of two years, beginning on or about 1 December, 1926. Before qualifying as such sheriff, the defendant was required by statute to execute and file with the board of commissioners of Henderson County, an official bond, payable to the State of North Carolina, and conditioned as provided by statute, C. S., 3930.

On 22 November, 1926, the defendant applied to the plaintiff to become his surety on said bond.

The plaintiff is a corporation organized under the laws of the State of Maryland, with its principal office in the city of Baltimore, in said State, and duly licensed to execute bonds in the State of North Carolina, as surety. The application made by the defendant to the plaintiff was in writing, and contained the following paragraph:

"I certify that the answers given to the foregoing interrogations are true, and in consideration of the United States Fidelity and Guaranty Company executing the bond herein applied for, I do hereby covenant, promise and agree to pay the premium of $25.00 per annum, in advance, during the continuance of the bond, and to indemnify and keep indemnified the said company from and against any and all loss, cost, charges, suits, damages, counsel fees, and expenses of whatever kind or nature (including such costs and expenses, if any, which may be incurred by said company in case it shall institute legal proceedings to be relieved from further liability on said bond), which said company shall or may, for any cause, at any time, sustain, or incur, or be put to, for or by reason or in consequence of said company having entered into or executed said bond."

In consideration of the covenants and agreements of the defendant contained in said application, the plaintiff executed, as surety, the official bond, which the defendant was required to file and did file with the board of commissioners of Henderson County. This bond was duly approved, and recorded as required by statute.

While the said bond was in force, one H. A. Cook instituted an action thereon in the Court of Common Pleas of Greenville County, in the State of South Carolina, to recover damages for an assault made on him by two deputies of the defendant. In said action it was alleged that two deputies of the defendant wrongfully and unlawfully assaulted and arrested the said H. A. Cook, in the city of Greenville, South Carolina, and kidnapped and unlawfully carried him into the State of North Carolina. On the petition of the defendant, the action was removed from the State court to the United States District Court for the Western District of South Carolina, for trial. The defendant in this action was

not a party to the action instituted on his bond in South Carolina; the said defendant was, however, notified by the plaintiff of the pendency of the action, and, with his attorney, attended the trial, where he testified as a witness for the plaintiff. The defendant was requested by the plaintiff not to join himself as a defendant in said action, for the reason that plaintiff was of the opinion that without such joinder the court in which said action was pending for trial, was without jurisdiction.

At the trial of the action in the United States District Court for the Western District of South Carolina, judgment was rendered against the plaintiff for the sum of $1,000, and costs.

The plaintiff has paid the amount of said judgment, to wit: $1,181.60, and has also paid as a fee to its counsel in said action the sum of $500.

The court was of opinion that on the statement of facts agreed, the plaintiff is not entitled to recover of the defendant in this action, and therefore dismissed the action.

From judgment dismissing the action, and taxing it with the costs, the plaintiff appealed to the Supreme Court.

*Ewbank, Whitmire & Weeks for plaintiff.*
*Ray, Redden & Redden for defendant.*

CONNOR, J. After the pleadings had been filed in this action, and when the same came on for trial, the parties submitted to the court an agreed statement of facts. It was agreed that if on these facts the court should be of opinion that plaintiff is entitled to recover, judgment should be rendered that plaintiff recover of the defendant the sum of $1,681.50 and the costs of the action, and that if the court should be of opinion that plaintiff is not entitled to recover, judgment should be rendered, dismissing the action. The court was of opinion that on the facts agreed, plaintiff is not entitled to recover, and thereupon rendered judgment dismissing the action. In this there was error:

By his agreement that the action should be submitted to the court for judgment on the facts agreed, the defendant waived all defenses set out in his answer. It was agreed that plaintiff had sustained a loss in the sum of $1,681.50, by reason and in consequence of its execution of the bond as surety for the defendant. Under the terms of his covenant contained in his written application to the plaintiff, the defendant is liable to the plaintiff for the sum of $1,681.50. Judgment should have been rendered that plaintiff recover of the defendant the sum of $1,681.50, and the costs of the action.

This is not an action on the judgment rendered by the United States District Court for the Western District of South Carolina. The question

discussed in the brief filed for the defendant on his appeal to this Court is not presented on the record. In *Brower v. Watson,* 146 Tenn., 626, 244 S. E., 362, 26 A. L. R., 991, it was held that the courts of one state will not take jurisdiction of an action by a citizen of another state for injury caused to him by breach of the bond of a sheriff, given under the laws of such other state, by an act committed there, when the bond is payable to the state, and the action is to be brought in its name. This principle is sound, but it has no application in the instant case. The judgment is

Reversed.

STACY, C. J., not sitting.